## THE STATE v. CLARENCE MINER, Appellant.

### Division Two, January 4, 1915.

1. **CARNAL KNOWLEDGE: Attempt to Rape: Instructions: Verdict.** Where an instruction in a trial for carnally knowing a female child under fifteen told the jury that if they found certain facts they should find the defendant guilty of an attempt to rape, a verdict finding him "guilty of an attempted rape" was sufficient, and was not a special verdict.

2. **INSTRUCTIONS: Exceptions: Appeal: Motion for New Trial.** To be reviewable on appeal exceptions to the giving of instructions must be preserved in the motion for a new trial.

3. **CARNAL KNOWLEDGE: Rape: Attempt: Evidence.** The evidence in a trial for carnally knowing a female child under fifteen *held* to support a conviction of an attempt to commit rape, where it was admitted that the prosecutrix had previously been carnally known by another and her testimony does not show whether there was penetration by the defendant.

Appeal from St. Louis City Circuit Court.—*Hon. Kent K. Koerner*, Judge.

AFFIRMED.

*Fish & Fish* for appellant.

(1) The verdict is a special verdict and is bad. Said verdict reads as follows: "We, the jury in the above entitled cause, find the defendant guilty of an attempted rape, and assess the punishment at imprisonment in the penitentiary for two years." The court instructed that "if you further find that the said Thelma Minor was then and there a female child under fifteen years of age." As said verdict was a special verdict, it was necessary for the jury to so find. State v. Dewitt, 186 Mo. 61; State v. Cronin, 189 Mo. 663; State v. Rowe, 142 Mo. 442; State v. Jones, 168 Mo. 398; Bishop, New Crim. Proc., sec. 1005; State v. McGee,

181 Mo. 312; State v. Davis, 137 Mo. 457. (2) Defendant's acts only amounted to indecent and lascivious conduct and, however reprehensible morally, did not constitute an assault with intent to ravish and carnally know. State v. Bowers, 239 Mo. 431; State v. Dalton, 106 Mo. 469.

*John T. Barker,* Attorney-General, and *W. T. Rutherford,* Assistant Attorney-General, for the State.

(1) One charged with rape may be convicted of an asault with intent to rape. Sec. 4482, R. S. 1909; State v. Dalton, 106 Mo. 463. (2) Sufficiency of the evidence. State v. Dalton, 106 Mo. 467; State v. Adams, 247 Mo. 653; State v. Stockhouse, 242 Mo. 450; State v. Shrayer, 104 Mo. 445; State v. Riseling, 186 Mo. 524. (3) Where exceptions to the giving of instructions are not preserved in the motion for a new trial, they are not reviewable. State v. Foley, 220 Mo. 89; State v. King, 194 Mo. 482; State v. Espenschied, 212 Mo. 222; State v. Long, 209 Mo. 366; State v. Lackey, 230 Mo. 718; State v. Crites, 215 Mo. 91.

ROY, C.—Defendant was tried on an information charging him with carnally knowing a female child under the age of fifteen years, and was

Carnal Knowledge.

convicted by the jury of an attempted rape. His punishment was fixed by the jury at two years in the penitentiary and he was sentenced accordingly.

The prosecutrix, Thelma Miner, is a daughter of defendant's wife by a former husband, and has assumed the name of her stepfather. She was twelve years old at the time of the trial in January, 1914. It was charged that the offense occurred on November 19, 1913. The prosecutrix testified that one morning before she rose defendant got in bed with her, placed his sexual organ *on* hers, and that when he got off her

her private parts were slimy. She stated that she did not know whether there was any penetration at the time. She testified that soon thereafter the same thing occurred in the bath room, but that she could not say whether there was any penetration.

The testimony of physicians both for the State and for the defendant showed that her hymen was ruptured and that she was suffering from gonorrhoea. A physician testified for the defendant that he had examined defendant for venereal diseases and found none. During the cross-examination of Thelma the following occurred:

"Q. Thelma, do you remember what your own father, do you remember your own father in Chicago? A. Yes, sir.

"Q. Do you remember him, do you remember what he did to you in Chicago? A. (No response, witness cries.)

"Mr. Logan: I am not going to ask any more about that, Thelma.

"Mr. Moore. I understand the fact to be, if it will save this witness, I have no personal knowledge but I have no reason to doubt the fact, but it was reported to me by the probation officers from investigation, that her own father first ruined this child and I understand he is now serving a term. So for the purpose of this case, that may be taken as an established fact.

"The Court. Very well.

"Mr. Logan: I wasn't so much trying to establish that."

Police officers McLaughlin and Kilker testified that after defendant's arrest he stated to them that on several occasions he went into Thelma's bedroom in his night shirt and lay on top of her, and that on one occasion he "put it between her legs and the discharge went up there." He denied to them that there was any penetration.

The defendant testified that the proescutrix on several occasions treated him in a lascivious manner, and that one morning she had a cold and he went to her bed, placed both his arms on her shoulders, leaned over her body and was talking to her, and she got her hands on his private parts. He denied having made the statement attributed to him by the police officers.

The court instructed upon the subjects of rape and of an attempt to commit rape. The instruction on the latter subject is as follows:

"4. If you find the defendant not guilty of rape, then it will become your duty to consider whether or not under the evidence, of which you are the sole judges, the defendant is guilty of an attempt to commit rape.

"If, upon consideration of all the testimony in this case, in the light of the court's instructions, you find and believe from the evidence that at the city of St. Louis and State of Missouri, on the 19th day of November, 1913, or at any time within three years next before the filing of the information in this case, the defendant, Clarence Miner, did unlawfully and feloniously attempt to carnally know and abuse the said Thelma Miner, and that he did any act or acts toward the commission of such, that is to say, such acts as were suited and adapted to carrying into execution the design to carnally know and abuse the said Thelma Miner, with the unlawful and felonious intention to know and abuse said Thelma Miner, but failed in the perpetration thereof, or was prevented or intercepted in executing the same, then you will find the defendant guilty of an attempt to rape her, the said Thelma Miner, by attempting to carnally know and abuse her, the said Thelma Miner, if you further find that said Thelma Miner was then and there a female child under fifteen years of age, and unless you so find, you

will acquit the defendant of an attempt to ravish and carnally know the said Thelma Miner.

"If you find the defendant guilty of an attempt to carnally know and abuse the said Thelma Miner, you will assess the defendant's punishment at imprisonment in the penitentiary for a term of not less than two years, nor more than fifteen years."

The verdict found the defendant "guilty of an attempted rape." The motion for a new trial did not raise the question of the propriety of giving instruction 4.

I. The verdict is sufficient. The instruction told the jury that if they found certain facts therein mentioned they should find the defendant guilty of an "attempt to rape her, the said Thelma Miner." "The language of the verdict, being that of 'lay people,' need not follow the strict rules of pleading, or be otherwise technical. Whatever conveys the idea to the common understanding will suffice, and all fair intendments will be made to support it." [2 Bishop's Crim. Prac., sec. 1005a.] "A special verdict, the rendering whereof is always optional with the jury, is one which sets out the facts, leaving the court to draw therefrom the conclusion of law." [2 Bishop's Crim. Prac., sec. 1006.]

**Verdict: "Attempted Rape."**

It was said in State v. Miller, 255 Mo. l. c. 231, that the verdict should be responsive to the charge in the information (unless it is a general verdict), to the evidence and to the instructions.

In this case the conviction being of an offense less than that charged in the information but included in it, the verdict could not be categorically responsive to the charge. The instructions separated the charge into its two elements, the greater offense and the lesser one, clearly defining both. The verdict responded to the evidence and to the charge included in the infor-

mation as defined by the instructions. The verdict was not a special verdict. It did not undertake to set out the constitutive facts found by the jury, leaving to the court to say whether, on those facts, the defendant was guilty. The meaning of the verdict is that the jury found all the facts necessary under the fourth instruction.

II. Appellant contends that instruction 4 is erroneous, in this, that it should have told the jury that they should find the defendant guilty of an *assault* with intent to ravish, and fix his punishment in accordance with section 4482, Revised Statutes 1909, the minimum of which is a fine and imprisonment in the county jail. That instruction was not assailed in the motion for a new trial and is not for that reason subject to attack here.

**Exceptions to Instructions.**

III. Appellant contends that the evidence tends to show rape, and that it also tends to show lascivious conduct without any intent to rape, but that there is no evidence tending to show an unsuccessful attempt to rape.

**Evidence.**

If it were not an admitted fact that the father of Thelma had carnally known her before she came to live with defendant we would say that the evidence clearly showed rape by the defendant, and that he could not, therefore, be convicted of an attempt to rape. It cannot be said that her physical condition was caused by the defendant, as it can be attributed to the conduct of the father. The prosecutrix did not say whether there was any penetration by the defendant. Under all the circumstances it was for the jury to say whether the defendant was guilty of rape or of an attempt to rape or not guilty.

The judgment is affirmed. *Williams, C.,* concurs.

PER CURIAM.—The foregoing opinion of Roy, C., is adopted as the opinion of the court. All the judges concur.