THE STATE v. CLYDE M. BORCHERT, Plaintiff in Error.

Division Two, January 6, 1926.

1. **WRIT OF ERROR**: Review: Equivalent to Appeal.  A writ of error is the commencement of a new suit; nevertheless, when issued, it brings before the appellate court for review the matters which might have been brought up by appeal.

2. ———: ———: **Defect in Record.**  Defendant in a criminal prosecution can by a writ of error take advantage in the appellate court of any material defect in the record of the trial court, although it is raised in the appellate court for the first time.

3. **RECORD OF COURT**: Imports Verity: Impeachment.  The record of the circuit court, in respect to the matters recited therein, imports

absolute verity, and cannot be impeached in the appellate court by matters *dehors* the record. A recital in the judgment of the circuit court that "now comes the prosecuting attorney and comes also the defendant Clyde M. Borchert, in person and by his attorney Edw. Doerr, and after consulting with his attorney and friends for his plea says he is guilty of rape," etc., complies with the statute (Sec. 3682a, R. S. 1919, as amended, Laws 1923, p. 159) and must be taken as true in a proceeding by writ of error in this court.

4. **INFORMATION:** Rape. An information reciting that "now comes . . . and upon his oath informs the court that Clyde M. Borchert . . . in and upon one Vallie Borchert, a female child under the age of sixteen years, to-wit, of the age of eight years, unlawfully and feloniously did make an assault and her, the said Vallie Borchert, then and there unlawfully and feloniously did carnally know and abuse, against," etc., informed the defendant of the charge against him and fully meets the requirements of the law.

5. **ARRAIGNMENT:** Plea of Guilty: Waiver. No formal arraignment is necessary where defendant announces ready and goes to trial. When he appears, announces ready and proceeds to trial, he thereby waives formal arraignment. Where the record of the trial court affirmatively shows that the defendant and the prosecuting attorney were present and that the defendant "after consulting with his attorney and friends, for his plea says he is guilty of rape, and the court fixes the punishment of said defendant at a term and for and during his natural life in the penitentiary," the judgment will not be reversed because it does not recite that defendant was formally arraigned.

6. **PLEA OF GUILTY:** Sufficient to Support Judgment. A plea of guilty to a valid information is an admission of the truth of the charges therein contained and is sufficient to support a judgment imposing the punishment authorized by the statute in such cases.

7. ———: Allocution. Upon a plea of guilty judgment may be rendered without formal allocution.

8. ———: Judgment: Irregularities: Method of Attack: By Direct Motion. If defendant was induced by some act or statement of the trial court to plead guilty under a misapprehension of the facts, or if the prosecuting attorney induced him to enter a plea of guilty on an assurance that a less punishment would be imposed than the one assessed, his remedy is, by a timely motion, setting up such facts and asking for a hearing thereon, and thereby giving the trial court opportunity to correct irregularities in the proceedings. An attack upon the record proper alone, without such a motion,

where it shows no infirmities, is not the correct method of reaching such irregularities.

Courts, 15 C. J., Section 395, p. 975, n. 10. Criminal Law, 16 C. J., Section 711, p. 387, n. 35; Section 715, p. 390, n. 82; Section 720, p. 392, n. 21; Section 730, p. 398, n. 8; Section 738, p. 402, n. 67; 17 C. J., Section 3328, p. 51, n. 50; Section 3405, p. 121, n. 69; Section 3444, p. 161, n. 63, 66; Section 3546, p. 204, n. 13 New; Section 3571, p. 226, n. 91 New; Section 3575, p. 229, n. 33. Rape, 33 Cyc., p. 1444, n. 27.

Writ of Error to Jackson Circuit Court.—*Hon. Thad B. Landon,* Judge.

AFFIRMED.

*Ira B. McLaughlin* and *P. H. Jackson* for plaintiff in error.

(1)   The record does not show a formal arraignment.   16 C. J. 386, 387, sec. 711; State v. O'Kelley, 258 Mo. 345; State v. Witherspoon, 231 Mo. 706; State v. Harris, 225 Mo. 639; State v. Cisco, 186 Mo. 49; State v. Hunter, 181 Mo. 316; State v. Hopper, 142 Mo. 478; State v. Walker, 119 Mo. 467; State v. Williams, 117 Mo. 379; State v. Taylor, 111 Mo. 448; State v. Allen, 267 Mo. 49; State v. Coleman, 262 S. W. 424; State v. Roberts, 294 Mo. 284; State v. Hascall, 284 Mo. 607; State v. Jennings, 278 Mo. 544; State v. Bowman, 213 S. W. 97; State v. Loesch, 180 S. W. 875; State v. Gould, 261 Mo. 694; Sec. 3958, R. S. 1919, amended, Laws 1925, p. 196; Ex parte Dusenberry, 97 Mo. 504; Hallinger v. Davis, 146 U. S. 314, 36 Law Ed. 986.     (2)   The plea is insufficient to support a judgment.   Sec. 3247, R. S. 1919, amended, Laws 1921, p. 284a; Sec. 3249, R. S. 1919; Sec. 3248, R. S. 1919; amended, Laws 1921, p. 284a; State v. Davis, 237 Mo. 237; State v. Perrigin, 258 Mo. 233; State v. Shearon, 183 S. W. 293; State v. McNabb, 267 S. W. 606; Secs. 4047, 4048, R. S. 1919; State v. Griffin, 278 Mo. 436; State v. Modlin, 197 Mo. 376; State v. DeWitt, 186 Mo. 61; State v. Pollock, 105 Mo. App. 273; State v. Cronin, 189 Mo. 663; State v. Jones, 114 Mo. App. 343; State v. Grossman, 214 Mo. 233; State v. Holland, 162 Mo. App. 678; State v. Washington, 242 Mo. 401; State v.

Young, 215 S. W. 499; State v. Griffin, 228 S. W. 800; State v. Hinton, 299 Mo. 507; Secs. 1544, 1545, 1546, 1547, R. S. 1919; 16 C. J. 390, sec. 715; State v. Miller, 255 Mo. 223. (3) The record fails to show allocution. State v. West, 270 S. W. 279; State v. McSame, 267 S. W. 888; State v. Huffman, 267 S. W. 838; State v. Cantrell, 263 S. W. 177; State v. Keller, 304 Mo. 63; State v. Deck, 262 S. W. 712; State v. Caulder, 301 Mo. 276; State v. Taylor, 301 Mo. 432; State v. Dunnegan, 258 Mo. 373; State v. Kile, 231 Mo. 59; Schwab v. Berggren, 143 U. S. 442, 36 Law Ed. 218; Ball v. United States, 140 U. S. 118, 35 Law Ed. 377; The King v. Speke, 3 Salk. 358; Rex & Regina v. Geary, 2 Salk. 630.

*Robert W. Otto,* Attorney-General, and *J. Henry Caruthers,* Assistant Attorney-General, for defendant in error.

(1) The information is good. Sec. 3247, R. S. 1919, amended, Laws 1921, p. 284a; State v. George, 221 Mo. 520. (2) The record recites that: "Now comes the prosecuting attorney, comes also the defendant, Clyde M. Borchert, in person and by his attorney, Edw. Doerr, and after consulting with his attorney and friends, for his plea says he is guilty of rape." This is tantamount to formal arraignment. Sec. 3958, R. S. 1919, amended, Laws 1925, p. 196; State v. O'Kelley, 258 Mo. 349; State v. Loesch, 180 S. W. 879; State v. Hunter, 181 Mo. 332. (3) The judgment is responsive to the confession of guilt, and sentence was passed by the court in conformity thereto. Sec. 4048, R. S. 1919, amended, Laws 1925, p. 197; State v. Reich, 293 Mo. 426; State v. Davis, 237 Mo. 240. (4) The defendant plead guilty. Our statute (Section 4057) provides that: "When the defendant appears for judgment, he must be informed by the court of the verdict of the jury, and asked whether he has legal cause to show why judgment should not be pronounced against him; and if no such sufficient cause be shown against it, the court must render the proper

judgment.'' The court can hold this record sufficient on two grounds: (a) That allocution is required only after a trial and verdict of guilty. (b) That the trial court is presumed to have done its duty and allowed allocution. Sec. 4057, R. S. 1919; Bond v. State, 23 Ohio St. 357; Carper v. State, 27 Ohio St. 576; Bartlett v. State, 28 Ohio St. 672; State v. Caulder, 301 Mo. 280; State v. Hoyt, 47 Conn. 542; Sarah v. State, 28 Ga. 583; Gannon v. People, 127 Ill. 521; People v. Palmer, 105 Mich. 579; Dutton v. State, 123 Md. 381; Warner v. State, 56 N. J. L. 694.

RAILEY, C.—On August 25, 1924, the Assistant Prosecuting Attorney of Jackson County, Missouri, filed in the circuit court of said county a verified information which, without caption, signature and jurat, reads as follows:

''Now comes Charles W. Brady, Assistant Prosecuting Attorney, for the State of Missouri, in and for the body of the County of Jackson, and upon his oath informs the court that Clyde M. Borchert whose Christian name in full is unknown to said prosecuting attorney, late of the county aforesaid, on the 24th day of August, 1924, at the County of Jackson, State of Missouri, in and upon one Vallie Borchert, a female child under the age of sixteen years, to-wit: of the age of eight years, unlawfully and feloniously did make an assault and her the said Vallie Borchert, then and there unlawfully and feloniously did carnally know and abuse, against the peace and dignity of the State.''

On the said 25th day of August 1924, the record of the circuit court aforesaid recites the following:

''Now comes the prosecuting attorney, comes also the defendant Clyde M. Borchert, in person and by his attorney Edw. Doerr, and after consulting with his attorney and friends for his plea says he is guilty of rape, and the court fixes the punishment of said defendant at a term of and for and during his natural life in the Penitentiary of the State of Missouri,

"It is therefore considered and adjudged by the court, that said defendant Clyde M. Borchert do undergo confinement in the Penitentiary of the State of Missouri, for and during his natural life, for said offense of rape; that the State of Missouri have and recover of and from said defendant all costs herein, and that execution issue therefor, and the court further orders that said defendant be remanded to the custody of the Marshal of Jackson County, and that said marshal deliver said defendant into the custody of the proper officer in charge of said Penitentiary, therein to be confined as aforesaid.''

On August 22, 1925, a writ of error was issued by this court to the circuit court aforesaid, requiring the latter to send to this court a certified copy of the record and proceedings in the above case of State of Missouri v. Clyde M. Borchert. On September 14, 1925, the Clerk of the Jackson Circuit Court filed in this court, as a return to said writ of error, a certified copy of the record and judgment aforesaid, there being no other proceedings of record in said cause.

Timely notice of the issuing of said writ of error was served on the Attorney General on September 14, 1925.

The questions presented to the court will be considered in the opinion.

I.  The judgment of the trial court bears date of August 25, 1924. The writ of error was issued in this case on August 22, 1925. It does not appear from the record, where defendant was located during the intervening time, but in the absence of evidence to the contrary it will be presumed that he is in the penitentiary, pursuant to the judgment and sentence of the court below. While the suing out of a writ of error has been held in this State to be the commencement of a new suit, yet, when issued, it brings before this court for review the matters which might have been brought here by appeal. [Macklin v. Allenberg,

Writ of Error.

100 Mo. l. c. 344; Ring v. Ry. Co., 112 Mo. l. c. 227; Thornbrugh v. Hall, 263 S. W. l. c. 147.]

II.   It may be conceded for the purposes of the argument, that defendant can take advantage of any material defect in the record below, although it is raised here for the first time. [State v. Levy, 119 Mo. l. c. 437 and cases cited; State v. Kelley, 206 Mo. l. c. 693; State v. Henschel, 250 Mo. l. c. 269; State v. Reppley, 278 Mo. l. c. 338; State v. Pearson, 288 Mo. l. c. 105-6.]

*Review: Material Defect.*

III.   The record of the circuit court, in respect to those matters recited therein, imports absolute verity, and cannot be contradicted by matters *de hors* the record. [State v. Whalen, 297 Mo. l. c. 247 and cases cited; Fitzgerald v. De Soto Special Rd. Dist., 195 S. W. l. c. 696-7; Stimson v. Min. Co., 264 Mo. l. c. 205; Atkinson v. Ry. Co., 81 Mo. l. c. 54.]

The judgment below affirmatively recites that:

"Now comes the prosecuting attorney, comes also the defendant Clyde M. Borchert, in person and by his attorney Edw. Doerr, and after consulting with his attorney and friends for his plea says he is guilty of rape," etc.

Section 3682a, Revised Statutes 1919, as amended in the Laws of 1923, at page 159, provides that:

"Any judge,   .   .   .   who shall accept of any plea of guilty without first giving the person charged with an offense an opportunity and reasonable time to talk with a friend and an attorney, shall be deemed guilty of a misdemeanor, and on conviction shall be punished by a fine of not exceeding one hundred dollars, or by imprisonment in the county jail not exceeding three months, or by both such fine and imprisonment; and in addition, shall forfeit his said office."

The recitals in the judgment supra, comply with above law, and must be taken as true in this proceeding.

IV.   The information heretofore set out informed the defendant as to the charge against him, and fully meets the requirements of the law.   [Sec. 3247, R. S. 1919, as amended, Laws 1921, p. 284a; State Information. v. Turner, 274 S. W. 35; State v. Hutchens, 271 S. W. l. c. 526-7; State v. Ansel, 256 S. W. 762; State v. George, 221 Mo. l. c. 520-1.]

V.   It is contended by defendant, that the judgment aforesaid should be reversed, because the record "does not show a formal arraingment," although it affirmatively shows, that both defendant and prosecuting attorney were before the court, and that defendant, "after consulting with his attorney and friends for his plea says he is guilty of rape, and the court fixes the punishment of said defendant at a term of and for and during his natural life in the penitentiary of the State of Missouri."   In other words, it is claimed that the words, "defendant is arraigned and" should have preceded the above quoted part of the judgment.

We have not been cited, however, to a decision of this court, or any other court, which has held that a formal entry of arraignment was necessary on a plea of guilty, under such circumstances as are disclosed by this record.   We shall not undertake to review or reconcile the cases in this State dealing with jury trials in which the records fail to contain a formal entry of arraignment, or waiver of arraignment.   Those who are inquisitive as to the law on this subject, may find an exhaustive and luminous discussion of same by an examination of the following cases cited in defendant's brief, to-wit: State v. O'Kelley and Fitch, 258 Mo. 345; State v. Gould, 261 Mo. 694; State v. Allen, 267 Mo. 49; State v. Jennings, 278 Mo. 544; State v. Hascall, 284 Mo. 607; State v. Roberts, 294 Mo. l. c. 302; State v. Loesch, 180 S. W. 875.   See also Garland v. State of Washington, 232 U. S. 642, overruling Crain v. United States, 162 U. S. 625, followed by the earlier Missouri cases.   From an examination of the above and kindred cases, we conclude

that the earlier decisions of this court relating to arraignment in criminal cases have been somewhat modified, and that we are now holding that no formal arraignment is necssary where the record shows defendant announced ready and went to trial.

In considering the necessity of the record to show a formal arraignment, WALKER, J., speaking for this Division in State v. Hascall, 284 Mo. l. c. 618, said: "We have no hesitancy in saying, as was said in O'Kelley case, that this contention, in view of the language and evident purpose of the statute (Sec. 5165, R. S. 1909), is 'a bald technicality and without merit.'"

In considering this subject, FARIS, P. J., in State v. Allen, 267 Mo. l. c. 55, said:

"Defendant by his learned counsel contends that inasmuch as the record fails to disclose either an arraignment or a plea, he is for this entitled to a reversal out of hand. The record also shows that no objection was lodged anywhere touching the lack of an arraignment and plea till the case got here, and that defendant was tried in all respects just as if a formal arraignment and plea had been had—as they doubtless were, if we were permitted, as we are not, to speculate upon facts on which the record is silent.

"Defendant's learned counsel concede that the cases of State v. O'Kelley, 258 Mo. 345, and State v. Gould, 261 Mo. 694, are against this contention, but they cite and quote at some length from Crain v. United States, 162 U. S. 625, and largely upon the authority of the latter case, insist that we were wrong in the O'Kelley and Gould cases, and urge us to overrule the latter cases and get back to the good old technical rule of other days. We are not disposed to overrule the holding made in the O'Kelley case for the reason so ably urged upon us by counsel, or for any other reason; especially since about the time the O'Kelley case was ruled, the Supreme Court of the United States in an opinion in which all concurred, overruled the case of Crain v. United States, supra, cited to us and relied on by counsel. [Garland

v. State of Washington, 232 U. S. 642. See, also, State
v. Garland, 65 Wash. 666.] Hence, we disallow this con-
tention.''

The evident purpose of an arraignment under our
existing law, is to ascertain whether defendant is person-
ally before the court, in order that he may know what
is being done in his case, and to give him an opportunity
to plead guilty, if he elects to do so, or to enter a plea
of not guilty. As heretofore held, when he announces
ready, and proceeds to trial, it is in practical effect just
as much a waiver of an arraignment, as it would have
been had the record recited that defendant appeared in
court, waived arraignment, and entered a plea of not
guilty. Turning to the record in this case, we have no
hesitancy in holding that a formal arraignment was
superseded by the appearance of defendant in open court
with his attorney, after consulting his friends, and en-
tering a plea of guilty to rape, etc.

In State v. Adkins, 284 Mo. l. c. 695, we had occasion
to overrule those cases in this State which had formerly
held that an indictment for a felony was not sufficient
where the word ''the'' had been omitted before the
word ''State.'' We have no disposition to take a back-
ward step in this case, and hold that it is necessary to
have a formal arraignment when the defendant appears
in open court, with his counsel, and enters of record a
plea of guilty.

The above assignment of error is accordingly over-
ruled.

VI. It is contended that the plea of guilty in this
case was insufficient to support a judgment. The in-
formation is valid, as heretofore shown, and charges that
on August 24, 1924, the defendant, in Jackson County,
Missouri, raped Vallie Borchert, a female child under

Plea of
Guilty:
Sufficient
to Support
Judgment.
sixteen years of age, to-wit, of the age of
eight years. When he plead guilty to the in-
formation on file, he admitted the truth of
above charges and judgment was rendered
accordingly. [State v. Levy, 119 Mo. l. c. 436;
State v. Rosenblatt, 185 Mo. l. c. 120 and cases
cited; State v. Reppley, 278 Mo. l. c. 339; State v. Pear-

son, 288 Mo. l. c. 105-6; Sec. 3247, R. S. 1919, as amended, Laws 1921, p. 284a; Sec. 4048, R. S. 1919.]

This assignment of error is likewise overruled.

VII.  We are urged to reverse and remand this cause, for the alleged reason that it does not affirmatively appear from the record that defendant was granted allocution.  We are thoroughly familiar with the Missouri decisions cited in support of above contention, and hold that they have no application to the facts of this case.  In all the Missouri cases cited, trials were had and verdicts returned by juries. In each case cited, the judgment was entered following the verdict, before defendant had an opportunity to file a motion for a new trial, and thereby cut off the right of allocution.  In this case, the defendant was in court, with his counsel, after consulting his friends, entered a plea of guilty, the court assessed the punishment at imprisonment in the penitentiary for life, and as a part of the same entry entered a judgment in due form.  We have not been cited to any case in this State where it was held necessary for the record to show allocution, on a plea of guilty, followed by the judgment.  On the other hand, in the case of State v. Branson, 262 S. W 365-6, we said, in a case where defendant plead guilty: "There is nothing for review here except the record proper in the case."  The judgment was like the one in this case, without any formal entry as to allocution.  The case was affirmed on said record with the approval of all the judges in this Division.

*Allocution.*

VIII.  This manner of attacking the record of the circuit court is not to be encouraged, unless the record discloses the necessity for so doing.  In other words, the circuit court should be afforded an opportunity to correct irregularities in its proceedings, if any exist, by a timely motion filed in the cause.  If the defendant was induced by some act or statement of the trial judge to plead guilty under a misapprehension of the facts, or if

the prosecuting attorney had induced him to enter a plea of guilty on the theory that a lower punishment would be inflicted than that administered, he could, by timely motion, have set up the facts, asked for a hearing on said motion and, if the court abused its discretion in overruling same, the record of said proceedings could be brought before this court by appeal on writ of error for our determination. [State v. Stephens, 71 Mo. 535; State v. Kring, 71 Mo. 551; State v. Dale, 222 S. W. l. c. 764; State v. Meyer, 222 S. W. l. c. 765.]

IX.    We have fully considered all the questions presented in the record before us, and accordingly affirm the judgment of the circuit court.    *Higbee, C.,* concurs.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court.    All of the judges concur.