229 S.W.2d 674 (1950)
STATE
v.
BIRKNER.
No. 41366.
Supreme Court of Missouri, en Banc.
May 8, 1950.
J. E. Taylor, Attorney General, David Donnelly, Assistant Attorney General, for respondent.
TIPTON, Judge.
The appellant appeals from a conviction of rape under the carnal knowledge section of the statute, Section 4393, R.S.Mo., 1939, Mo.R.S.A., Section 4393. The jury fixed his punishment at seventy five years in the penitentiary.
The appellant has not filed a bill of exceptions and, therefore, only the record proper is before us for review. State v. Nichols, Mo.Sup., 165 S.W.2d 674.
The information charges that on November 13, 1948, the appellant "did then and there unlawfully in and upon * * *, a female child under the age of 16 years; to-wit: of the age of 13 years, unlawfully and feloniously did make an assault, and her the said * * *, then and there unlawfully and feloniously did carnally know and abuse, against the peace and dignity of the State," which is in the exact language of several approved informations and is the language of the statute and, therefore, contains the necessary and proper language charging the crime of carnal knowledge or so called statutory rape. Section 4393, supra; State v. Nichols, supra; State v. Hurlbut, Mo.Sup., 285 S.W. 469; State v. Borchert, 312 Mo. 447, 279 S.W. 72; State v. Turner, Mo.Sup., 274 S.W. 35.
The jury returned the following verdict: "We, the Jury, in the above entitled cause, find the defendant Lloyd Ollen Birkner, guilty of rape and assess his punishment at seventy-five years in the State Penitentiary." It is responsive to the issues presented, and perfectly clear in its meaning. It is a special verdict in approved form, covering all the essential elements of the offense charged. State v. Knoch, Mo.Sup., 14 S.W.2d 424; State v. Henderson, Mo.Sup., 284 S.W. 799. The charge, in fact, is one of the statutory definitions of rape. Section 4393, supra; State v. Nichols, supra. It is within the province of the jury to return a special verdict finding the facts constituting the offense. State v. Knoch, supra. The verdict assessed the punishment within the limits prescribed by Section 4393, supra.
*675 The record shows that the appellant was properly granted allocution.
From the record before us, we find no reversible error. The judgment of the trial court is, therefore, affirmed.
All concur.