The second case is State ex rel. Gosselin v. Trimble, 328 Mo. 760, 41 S.W.2d 801. In that case a taxi driver brought suit against the Yellow Cab Company after being assaulted by one of its drivers. The plaintiff was driving his cab and as he stopped it to discharge passengers it skidded to a slight collision with the rear bumper of the defendant's cab which was parked in front of the Muehlebach Hotel in Kansas City. After the plaintiff's passengers had alighted the driver of the defendant's cab got out and said to the plaintiff, "What do you mean?" "Get that car off of mine", and then assaulted the plaintiff. The court held that there was nothing to show that the assault was in furtherance of the master's business, and recovery was denied.

**STATE of Missouri (Plaintiff), Respondent,**

**v.**

**JUVENILE DEFENDANTS, Appellants.**

No. 29553.

St. Louis Court of Appeals.

Missouri.

June 12, 1956.

Charles M. Shaw, Clayton, for appellants.

Edw. W. Garnholz, Pros. Atty., Clayton, for respondent.

WOLFE, Commissioner.

The defendants, who were sixteen years of age, were charged with delinquency by reason of rape upon a fourteen-year-old girl. Both were found to be delinquent as charged and were committed to the State Board of Training Schools for an indeterminate sentence. Both have appealed from the judgment and sentence. They appealed to the Supreme Court, which, for want of jurisdiction, transferred the appeals to this court.

Neither appellant has filed a bill of exceptions and our review is therefore limited to the record proper. State v. Birkner, Mo.Sup., 229 S.W.2d 674; State v. Nichols, Mo.Sup., 165 S.W.2d 674; State v. Clayton, Mo.Sup., 242 S.W.2d 565.

The information charges that the defendants are delinquents by reason of the rape which took place on June 24, 1955, when they did "* * * wilfully and unlawfully forcibly rape, ravish and carnally know a minor female child of the age of 14 years, * * *" The language used was sufficient to charge the crime which is commonly called statutory rape and the consequent delinquency by reason of having committed it. State v. Nichols, Mo.Sup., 165 S.W.2d 674, supra.

There is no showing of record that there was an arraignment but the record shows both defendants were present in court and represented by counsel. They were tried as if they had been arraigned and had entered a plea of not guilty. In such cases failure of the record to show arraignment does not constitute reversible error. 42 V.A.M.S. Supreme Court Rule 25.04.

Neither does the record show that allocution was accorded the defendants but this is not mandatory where the defendant has been heard on the motion for a new trial as these defendants were. Supreme Court Rule 27.10.

There being no reversible error, it is the recommendation of the Commissioner that the judgment be affirmed.

PER CURIAM.

The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.

The judgment of the circuit court is accordingly affirmed.

ANDERSON, P. J., and RUDDY and MATTHES, JJ., concur.