Gordon H. TOMPKINS, Petitioner,

v.

E. V. NASH, Warden, Missouri State Penitentiary, Respondent.

Misc. No. 230.

United States Court of Appeals Eighth Circuit.

Jan. 23, 1964.

Gordon H. Tompkins, pro se.

No appearance for appellee.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

Petitioner, an inmate of the Missouri State Penitentiary, makes application to have a certificate of probable cause issued by a judge of this Court to enable him to take an appeal from the District Court's denial of his petition for a writ of habeas corpus.

The District Court found that there had been an exhaustion of state remedies but denied the petition for a writ on the ground that it was without merit or substance for federal relief.

The basis on which federal relief was sought was that, in returning a verdict of guilty against petitioner, the jury had not stated or indicated that it was finding him guilty of the offense with which he was charged; that the verdict therefore could not furnish the basis for a judgment of conviction against him; and that his conviction, sentence and commitment accordingly were void.

Petitioner was charged with having forcibly raped a woman over the age of 16 years (the evidence showed her to be 68 years old). His defense was that the act was not forcibly done but by consent. His habeas corpus petition stated that thus "the issue of force was the only question involved in this case". His papers here admit that the jury was properly instructed that, unless it found "the issue of force" against him, it was required to acquit. (On the appeal taken by petitioner from his conviction, the Missouri Supreme Court pointed out that the trial court "had defined what constitutes rape" and that there was no attempt to show any error in this instruction. State v. Tompkins, Mo.Sup., 277 S.W.2d 587, 592). The form of the verdict returned was "We the jury, * *

find the defendant guilty of rape * * ". Petitioner's contention was that this may have been a finding that he was guilty of some other kind of rape and not of the crime of forcible rape with which he was charged.

The contention is frivolous. Petitioner admits that the charge against him was one under § 559.260, Mo.R.S.1959, § 559.260, V.A.M.S. That section authorizes conviction of rape "by carnally and unlawfully knowing any female child under the age of sixteen years, or by forcibly ravishing any woman of the age of sixteen years or upward". With the charge being one of forcibly raping a woman over the age of 16 years, with the evidence showing that she was 68 years old, with petitioner conceding the focal question on the trial was whether the act was one of consent or force, and with the jury admittedly being instructed that unless it found "the issue of force" against petitioner, it was required to acquit, there cannot rationally be room to doubt what the jury meant by its verdict of "guilty of rape" or for anyone not to be able to so understand. Hence, for the Missouri courts to attribute to the verdict the legal significance of constituting a finding that petitioner was guilty of the offense of forcible rape—with which he was charged, upon which the evidence was focused, and in relation to which the jury had been instructed—cannot be claimed to be a violation of due process.

In addition to its denial of relief to petitioner in the present situation, the Missouri Supreme Court has held in two other cases that such a verdict, when related to the charge, the evidence and the instructions in the case, is sufficiently clear in its meaning on the basis of fair intendment and common understanding to be valid.

Thus, in State v. Birkner, Mo.Sup., 229 S.W.2d 674, it was held that a verdict of "guilty of rape", under a charge of carnally and unlawfully knowing a female child under the age of 16 years, was "responsive to the issues presented, and perfectly clear in its meaning."

Similarly, in State v. Miner, 263 Mo. 270, 172 S.W. 366, 367, a verdict of "guilty of attempted rape", under a charge of carnally and unlawfully knowing a female child under the age of 16 years, was held to be clear in its meaning and to have "responded to the evidence and to the charge included in the information, as defined by the instructions."

To assert that it would be a matter of fundamental unfairness to regard no doubt as existing that the jury found petitioner guilty of the offense of forcible rape, as charged, tried and submitted to it—and that it was not finding him guilty of the other offense of rape under § 559.260, by carnally and unlawfully knowing a female child under the age of 16 years—is on its face a straining of both common and legal intelligence.

The application to have a certificate of probable cause issued by a judge of this Court is denied.