**Donnell LEE, Petitioner,**

v.

**Donald WYRICK, Warden, Respondent.**

**No. 80–771C(B).**

United States District Court,
E. D. Missouri, E. D.

Sept. 24, 1980.

Donnell Lee, pro se.

Robert L. Presson, Asst. Atty. Gen. of Missouri, Chief Counsel, Criminal Division, Jefferson City, Mo., for respondent.

### MEMORANDUM

REGAN, District Judge.

Donnell Lee, a Missouri state prisoner, was convicted by a jury in the Circuit Court of the City of St. Louis, Missouri, on April 1, 1976 of assault with intent to maim with malice aforethought and sentenced to thirty years' imprisonment. Lee's conviction was affirmed by the Missouri Court of Appeals, St. Louis District, on April 12, 1977. *State of Missouri v. Lee*, 549 S.W.2d 934 (Mo.App. 1977). He filed a motion to vacate the sentence under Missouri Supreme Court Rule 27.26, claiming that the trial court lacked jurisdiction to sentence him as it did. The motion was denied and the denial was affirmed on appeal. *Lee v. State of Missouri*, 591 S.W.2d 151 (Mo.App.1979). Petitioner's motion for rehearing or transfer to the Missouri Supreme Court was denied by the Missouri Court of Appeals, as was his application to the Missouri Supreme Court for transfer.

Petitioner Lee now seeks a writ of habeas corpus under 28 U.S.C. § 2254 upon the same allegations that he raised in his Rule 27.26 motion, *i. e.* (1) that the trial court lacked jurisdiction to sentence him for assault *with* malice aforethought because the verdict found him guilty of only the lesser offense of assault *without* malice aforethought and (2) the trial court lacked jurisdiction to try him for the offense of assault *with* malice aforethought because at the preliminary hearing the magistrate had ordered him bound over for trial only on assault without malice aforethought. The respondent Attorney General does not argue that petitioner has failed to exhaust his state court remedies on these issues as required by 28 U.S.C. § 2254(b) and (c).

The conviction was for the non–fatal stabbing of Doris Duckett who bore him two children. The state's evidence showed that in early September, 1975 petitioner removed a check and a credit card from Duckett's home. Duckett reported that the property was missing to the police. Petitioner returned to Duckett's home two months later inquiring of Duckett whether she had called the police on him. Three days after petitioner's return, on November 5, 1975, petitioner informed Duckett that he

had come to her house to kill her. He then beat Duckett and stabbed her repeatedly with an ice pick. After he left Duckett's home the police and neighbors were called by Duckett's daughter and Duckett was transported to the hospital. Petitioner was arrested on January 5, 1976 when he once again returned to Duckett's home.

## VERDICT FORM

Petitioner's first claim is that the jury actually found him guilty only of assault without malice aforethought. He argues that, therefore, the trial judge was without jurisdiction to sentence him to a term of thirty years pursuant to § 559.180 RSMo 1969 (repealed 1977) (assault with malice aforethought) because the maximum penalty for assault without malice aforethought was five years. § 559.190 RSMo 1969 (repealed 1977).

 Petitioner's allegation is not supported by the record. The amended information clearly charged petitioner with assault with malice aforethought. (Resp.Exh. A, 1–2). Although the jury verdict stated, "We, the jury, find the defendant guilty of assault with intent to maim with malice as submitted in Instruction No. 5", (*id.*, 82), the omission of the word "aforethought" does not negate the clarity of the jury's intent to find petitioner guilty of assault with malice aforethought. The verdict incorporated instruction No. 5 by reference. That instruction specifically required the jury to find that petitioner stabbed Doris Duckett "with malice aforethought–that is, intentionally and without just cause or excuse and after thinking about it beforehand for any length of time". (*Id.*, 78). Instruction No. 6 expressly provided that if the jury did not believe beyond a reasonable doubt that "the defendant assaulted Doris Duckett with malice aforethought" then it must return a verdict of "not guilty of assault with intent to maim *with malice*". (*Id.*). (Emphasis supplied). The jury was not instructed as to the lesser offense of assault without malice aforethought. (*Id.*, 80). Any failure on the verdict form to describe the offense specifically as assault with malice aforethought did not deny petitioner a fair trial or due process.

Petitioner's claim is analagous to that raised in *Tompkins v. Nash*, 326 F.2d 466 (8th Cir. 1964). The habeas corpus petitioner there alleged that his conviction for forcible rape was constitutionally invalid because of the omission of the word "forcible" in the verdict. The court rejected the claim as a ground for habeas corpus relief, holding that

[F]or the Missouri courts to attribute to the verdict the legal significance of constituting a finding that petitioner was guilty of the offense of forcible rape–with which he was charged, upon which the evidence was focused, and in relation to which the jury had been instructed–cannot be claimed to be a violation of due process.

*Tompkins v. Nash, supra, at* 467. There can also be no such claim here. This ground of the petition for a writ of habeas corpus is without merit.

## THE MAGISTRATE'S ORDER

Petitioner's second ground for federal habeas corpus relief is that he was deprived of his right to due process because he was tried for the charge of assault with intent to maim *with* malice aforethought despite the fact that the magistrate's prior determination that there was probable cause to hold him as a pretrial detainee related only to the charge of assault with intent to maim *without* malice aforethought. On the appeal from the denial of the Rule 27.26 motion, the Missouri Court of Appeals held that the record was insufficient to support petitioner's contention and that he had waived this point by proceeding to trial without objection. *Lee v. State of Missouri, supra, at* 153.

Respondent Attorney General argues that the finding of a procedural waiver by the Missouri Court of Appeals is an adequate and independent state ground which bars federal habeas corpus relief under the standard set forth in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). The Court of Appeals for the Eighth Circuit has not yet delineated the areas of *Wainwright's* application. *Rodgers v. Wyrick*, 621 F.2d 921, 927 n.13 (8th Cir. 1980). Because of the determination on the merits

which follows, this Court declines to reach the issue of the effect of petitioner's failure to follow Missouri's procedural requirements.

 The United States Supreme Court has held that a person who is arrested is entitled to a judicial determination that there exists probable cause that he has committed an offense before any significant restraint on his freedom may be imposed pending trial. *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). The Court emphasized, however, that it was not retreating from the "established rule that illegal arrest or detention does not void a subsequent conviction." *Id.*, 119, 95 S.Ct. 865. Even if the facts that petitioner alleges are true, a determination which cannot be made on the record before the Court, petitioner would not be entitled to habeas relief because he has failed to show that his custody is in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). This ground for relief is legally insufficient.

An order will issue denying the writ of habeas corpus.