**STATE of Missouri, Respondent,**

v.

**Leo GEE, Appellant.**

No. 51621.

Supreme Court of Missouri,
Division No. 2.

Oct. 10, 1966.

Motion for Rehearing or to Transfer
to Court En Banc Denied
Nov. 14, 1966.

Norman H. Anderson, Atty. Gen., John C. Klaffenbach, Asst. Atty. Gen., Jefferson City, for respondent.

No attorney for appellant.

DONNELLY, Judge.

Defendant, Leo Gee, entered a plea of guilty to the charges of burglary in the

second degree and stealing in the Circuit Court of New Madrid County, Missouri on November 24, 1964, and was sentenced to imprisonment for a term of five years for burglary and a term of five years for stealing, the sentences to run consecutively. Sections 560.070, 560.156, and 560.110 (references to statutes are to RSMo 1959 and V.A.M.S., and reference to rules are to Rules of the Supreme Court of Missouri and V.A.M.R.).

On June 19, 1965, defendant filed in the Circuit Court of New Madrid County his motion to vacate or correct sentence under Rule 27.26. The Circuit Court of New Madrid County considered the motion on June 22, 1965, and overruled it without an evidentiary hearing. Defendant perfected an appeal to this Court.

Defendant asserts in his motion: (1) that he was held without bail for over twenty hours (in violation of Rule 21.11 and § 544.260, Rule 21.12 and § 544.040, and Rule 21.14 and § 544.170); (2) that he was deprived of the right to preliminary examination in the Magistrate Court of New Madrid County on the charge of stealing (in violation of Rule 23.02 and § 544.-250); (3) that he was denied the assistance of counsel (in violation of Rule 29.01); and (4) that he was deluded and induced to enter a plea of guilty (in violation of Rule 25.04).

The record shows that the complaint filed in the Magistrate Court of New Madrid County charged defendant with burglary in the second degree with intent to steal (§ 560.070) but did not charge defendant with stealing (§ 560.156). State v. Dooly, 64 Mo. 146. The information filed in the Circuit Court of New Madrid County charged defendant with burglary in the second degree *and* stealing. The record also shows that defendant was arraigned in the Circuit Court of New Madrid County and, without counsel, entered a plea of guilty to the charges of burglary and stealing. Defendant was not given a preliminary hearing on the charge of stealing. In fact, he was not charged with stealing until the filing of the information in the circuit court.

■ Application of general rules of law would cause us to hold that the fact, even if true, that defendant was held without bail for over twenty hours, cannot now be the basis for a collateral attack upon the judgment. State v. Keeble, Mo.Sup., 399 S.W.2d 118, 122; State v. King, Mo.Sup., 380 S.W.2d 370, 377. Further, the general rule would be that when defendant entered a plea of guilty, without making objection to the fact that he had not been charged with the offense of stealing in the magistrate court and had been given no preliminary hearing on the charge of stealing, he waived those requirements. State v. Richardson, Mo.Sup., 347 S.W.2d 165, 169; Tucker v. Kaiser, Mo.Sup., 176 S.W.2d 622; State v. Keeble, supra; State v. Shaw, Mo.Sup., 357 S.W.2d 894, 896 [3].

However, before these rules of law may be applied, it must first be ascertained whether the plea of guilty, which makes such rules operable, was properly accepted and entered. Defendant in his motion asserts that he was deluded and induced to enter a plea of guilty.

Rule 25.04 reads in part as follows: "The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge."

In State v. Williams, Mo.Sup., 361 S.W. 2d 772, at 775, this Court stated: "We have said: 'The guiding rules are that a plea of guilty is but a confession in open court. Like a confession out of court it should be received with caution. It should never be received unless it is freely and voluntarily made. If the defendant should be misled or be induced to plead guilty by fraud or mistake, by misapprehension, fear, persuasion, or the holding out of hopes which prove to be false or ill founded, he should be permitted to withdraw his plea. The

law favors a trial on its merits.' State v. Cochran, 332 Mo. 742, 60 S.W.2d 1, 2; see also State v. Hare, 331 Mo. 707, 56 S.W.2d 141; State v. Harris, 336 Mo. 737, 81 S.W. 2d 319; State v. Hovis, 353 Mo. 602, 183 S. W.2d 147; State v. Blatherwick, 238 Mo. App. 1005, 191 S.W.2d 1021. A leading Missouri case is State v. Stephens, 71 Mo. 535, 536, in which it is said: 'Courts have always been accustomed to exercise a great degree of care in receiving pleas of guilty, in prosecutions for felonies, to see that the prisoner has not made his plea by being misled, or under misapprehension or the like.' Thereafter in State v. Dale, 282 Mo. 663, 669, 222 S.W. 763, 764, this Court said: 'It is immaterial whether the misleading was intentionally or unintentionally done. The material inquiry is: Was the defendant misled, or under a misapprehension, at the time he entered his plea of guilty?' "

Intertwined with the question of the validity of the plea of guilty is the question whether defendant should have been given counsel on arraignment.

In Hamilton v. State of Alabama, 368 U.S. 52, at 55, 82 S.Ct. 157, at 159, 7 L.Ed. 2d 114 the United States Supreme Court stated: "Only the presence of counsel could have enabled this accused to know all the defenses available to him and to plead intelligently." In Von Moltke v. Gillies, 332 U.S. 708 at 723 and 724, 68 S.Ct. 316, at 323, 92 L.Ed. 309, the United States Supreme Court stated: "We have said: 'The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused—whose life or liberty is at stake—is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused.' To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered."

Rule 29.01(a) reads as follows: "In every criminal prosecution in any court of this State, the accused shall have the right to appear and defend the same in person and by counsel. If any person charged with the commission of a felony appears upon arraignment without counsel, it shall be the duty of the court to advise him of his right to counsel, and of the willingness of the court to appoint counsel to represent him if he is unable to employ counsel. If the defendant so requests, and if it appears from a showing of indigency that he is unable to employ counsel, it shall be the duty of the court to appoint counsel to represent him. If, after being informed as to his rights, the defendant indicates his desire to proceed without the benefit of counsel, and the court finds that he has intelligently waived his right to have counsel, the court shall have no duty to appoint counsel unless it appears to the court that, because of the gravity of the offense charged and other circumstances affecting the defendant, the failure to appoint counsel may result in injustice to the defendant. Counsel so appointed shall be allowed a reasonable time in which to prepare the defense."

The proceedings at the time of arraignment, plea and sentence are not a part of the transcript in this Court and we assume they were not transcribed and made a part

**4**

of the files and record of the case. See Rule 29.01(b).

In State v. Moreland, Mo.Sup., 351 S.W. 2d 33, at 35, this Court stated: "Motions filed pursuant to Supreme Court Rule 27.26 may be summarily disposed of by the circuit court when 'the motion and the files and records of the case' show that the petitioner is entitled to no relief, or when the only issue presented is one of law. State v. Jarrett, Mo.Sup., 317 S.W.2d 368; State v. Kitchin, Mo.Sup., 300 S.W.2d 420. However, the converse is also true, and when the files and records of the case do not conclusively refute the grounds for relief set forth in the motion, and the allegations of fact in the motion, if true, would authorize some requested relief provided for by the Rule, 'the court shall cause notice thereof to be served on the prosecuting attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.' Supreme Court Rule 27.26."

■ The trial court denied defendant's motion without an evidentiary hearing. The motion, files and records of the case, as they appear in the transcript filed in this Court, do not conclusively show defendant is entitled to no relief. The accuracy or inaccuracy of defendant's contentions are of material import in determining (1) whether defendant's plea of guilty was "made voluntarily with understanding of the nature of the charge," and (2) whether defendant "intelligently waived his right to have counsel" or failed to show indigency. Therefore, we hold that the order denying, without a hearing on its merits, the motion to vacate or correct sentence should be and is set aside and that the motion be heard on its merits. State v. Herron, Mo.Sup., 376 S.W.2d 192.

This cause is reversed and remanded for further proceedings consistent with the views herein expressed.

All of the Judges concur.