**STATE of Missouri, Respondent,**

v.

**Jackie Wayne SAYRE, Appellant.**

**No. 52820.**

Supreme Court of Missouri,

Division No. 2.

Nov. 13, 1967.

Norman H. Anderson, Atty. Gen., O. Hampton Stevens, Asst. Atty. Gen., Jefferson City, for respondent.

George A. Adolf, St. Louis, for appellant.

STOCKARD, Commissioner.

Defendant was charged by information with assault with intent to kill with malice. Defendant appeared before the court with counsel on October 18, 1965, and withdrew his previous plea of not guilty and entered a plea of guilty. The record does not affirmatively show that before accepting the plea of guilty the trial court determined that the plea was made voluntarily with an understanding of the nature of the charge. See Criminal Rule 25.04, V.A.M.R. Imposition of sentence was deferred to November 23, 1965 "to permit [defendant] to make an application for parole." For some reason, not shown by the record, sentence was not pronounced until June 8, 1966, and on that day the court sentenced defendant to five years in the custody of the department of corrections. On the same day defendant also entered a plea of guilty to the charge of burglary, second degree, and stealing, and was sentenced to two years in the custody of the department of corrections, that sentence to run concurrently with the five year sentence.

On January 23, 1967, defendant filed pro se a motion pursuant to Criminal Rule 27.26 to vacate and set aside the judgment and sentence of five years on the grounds that (1) the information failed to charge the offense of assault with intent to kill with malice, and (2) defendant was advised by his attorney that if he would enter a plea of guilty he would be released on parole, and therefore (by inference from the allegations in the motion) the plea of guilty was not voluntarily made. On January 24, defendant's motion was denied without a hearing, and defendant filed his notice of appeal. Thereafter, counsel was appointed to represent defendant on this appeal.

There is only one assignment of error in defendant's brief to this court, and it is that the trial court erred in denying defendant's motion to withdraw his plea of guilty because "the court had failed to fully inform appellant of the nature of the crime with which he was charged and the consequences of pleading guilty to it, in violation of due process of law, and therefore, should not have accepted such plea." Apparently, after consideration, counsel has abandoned the contention made in the motion that the information was insufficient.

As previously noted, the record does not show a substantial compliance by the trial court with Rule 25.04 prior to the acceptance of the plea of guilty to the charge of assault with intent to kill with malice. However, in State v. Mountjoy, Mo., 420 S.W.2d 316, we held that a defendant may not by reason of Rule 27.25 withdraw his plea of guilty as a matter of right on the basis that the record does not demonstrate a substantial compliance with

Rule 25.04 at the time the plea of guilty was accepted. The withdrawal of a plea of guilty after sentence is appropriate only to correct manifest injustice. An application to withdraw a plea of guilty made after sentence is an attack on the validity of that sentence within the meaning of Rule 27.26, as amended and effective September 1, 1967. If it be found on the hearing on the motion to vacate the sentence, notwithstanding the insufficiency of the record at the time the plea was accepted, that the plea of guilty was in fact voluntary and was made with an understanding of the nature of the charge, then no manifest injustice could have resulted.

In this case, defendant's pro se motion does present an issue of fact within the meaning of Rule 27.26 as to the voluntariness of the plea, and the record made at the time the plea of guilty was accepted does not conclusively establish that the plea was voluntarily made with an understanding of the nature of the charge. Defendant was not represented by counsel at the time the motion was presented to and ruled on by the trial court, and no evidentiary hearing was held. The maximum relief to which defendant is entitled in this court is a reversal of the order and judgment of the trial court and a remand for further proceedings. This is a situation comparable to that in State v. Stidham, Mo., 415 S.W.2d 297.

The order and judgment is reversed, and the cause is remanded with directions that all further proceedings be in accordance with the provisions of amended Rule 27.26 and the directions contained in the last paragraph of the opinion in State v. Stidham.

BARRETT, C., concurs in result.

PRITCHARD, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.