STATE of Missouri, Respondent,

v.

Oliver Leroy COLLINS, Appellant.

No. 53853.

Supreme Court of Missouri,
Division No. 2.

March 10, 1969.

Norman H. Anderson, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondent.

Joseph L. Leritz, St. Louis, for appellant (Movant).

DONNELLY, Judge.

Defendant, Oliver Leroy Collins, was charged in the Circuit Court of the City of St. Louis, Missouri, with assault with intent to ravish, with rape, and with assault with intent to kill. On May 21, 1962, defendant was sentenced to imprisonment for twenty-five years "on each of the charges, all of them to be served concurrently, for a total of twenty-five years."

On October 13, 1967, defendant filed in the Circuit Court of the City of St. Louis, his motion to vacate judgments under S.Ct. Rule 27.26, V.A.M.R., which motion was, on October 18, 1967, dismissed. On November 30, 1967, upon request of defendant, the Court appointed Joseph L. Leritz to act as counsel. Thereafter, on February 5, 1968, defendant filed another motion to vacate judgments.

On April 19, 1968, an evidentiary hearing was held, with defendant present, and the motion to vacate judgments was denied. Defendant appealed.

On appeal, defendant contends the trial court erred in denying his motion to vacate judgments based on his pleas of guilty, because: (1) on the occasion sentence was pronounced, the Court did not determine that the pleas of guilty were made voluntarily and with understanding of the nature of the charges, and (2) that his pleas of guilty were not made voluntarily but were made "in reliance on his attorney's advice and his mother's statement that if he did not accept the sentence recommended by the State, he would be tried and would receive a much greater sentence."

■ The transcript of the proceedings in the trial court on May 21, 1962, does not demonstrate a substantial compliance with S.Ct.Rule 25.04, V.A.M.R. In this situation, we examine the transcript of the evidence adduced at the evidentiary hearing held April 19, 1968, on the motion to vacate judgments. State v. Sayre, Mo.Sup., 420 S.W.2d 303; State v. Mountjoy, Mo.Sup., 420 S.W.2d 316.

■■ Defendant admitted, on April 19, 1968, at the evidentiary hearing on the motion to vacate judgments, that he "went out * * * in front of His Honor, Judge Reagan and entered a plea of guilty." Therefore the question becomes whether each plea of guilty was voluntary and was made with an understanding of the nature of the charge.

The record of the proceedings of April 19, 1968, at the hearing on the motion to vacate judgments, supports defendant's summary of the evidence, which is substantially as follows:

Defendant, a man thirty years of age, has been in the Missouri State Penitentiary in Jefferson City for six years. He went to the eighth grade in school and can read and write. After grade school he worked as a common laborer and as a shoeshine

porter. At 1:30 a.m. on August 12, 1961, he was arrested and charged with the crimes of assault with intent to ravish, rape, and assault with intent to kill with malice.

On October 15, 1961, attorney Joseph Fitzhenry was appointed to defend defendant. Defendant had not been advised by a lawyer prior to that time. He told Fitzhenry that he was guilty. On December 1, 1961, defendant was sent to Fulton Hospital for four months. After defendant returned to St. Louis, Fitzhenry told him that the Circuit Attorney would recommend a sentence of twenty-five years in return for a plea of guilty. Defendant refused the offer. Defendant discussed the matter with Fitzhenry on three occasions. Defendant's mother told him that if he did not "take" the twenty-five years he would receive thirty-five years or more on each charge. Defendant testified that he believed his mother. The following week defendant was brought to the courthouse and told Mr. Cahill (Assistant Circuit Attorney) that he wanted "to go through with it." It was defendant's understanding that if he did not plead guilty, he would receive a sentence greater than twenty-five years.

Joseph J. Fitzhenry testified that he had been appointed by the Court to represent defendant in his defense of the charges against him. It appeared to Fitzhenry that defendant did not understand the gravity of the offenses charged, and he filed a motion requesting that defendant be sent to State Hospital Number One at Fulton, Missouri. Upon defendant's return from Fulton, Fitzhenry received a letter from the officials at Fulton with regard to defendant's condition, in which they expressed the opinion that defendant was "considered competent, responsible for his actions and statements and able to consult and work with his counsel."

After defendant's return from Fulton, Fitzhenry learned that the Circuit Attorney would recommend a sentence of twenty-five years in exchange for a plea of guilty and so informed defendant. Defendant was uncertain and Fitzhenry advised defendant that if his cases were tried, he would likely receive a larger sentence and he told defendant that he would be wise to accept the offer. On Fitzhenry's last visit, defendant told him that he had spoken to his mother and that he would accept the State's terms. Prior to that time defendant had been vacillating and uncertain.

Alberta Fayne, defendant's mother, visited defendant regularly while he was in jail. Defendant's hilarity indicated to Mrs. Fayne that he needed psychiatric care. After defendant returned from Fulton, his mother saw him twice. She spoke to Fitzhenry on the phone and "the impression" she got was that unless defendant accepted the twenty-five years, he could receive a greater sentence. Mrs. Fayne told defendant to accept the twenty-five years, otherwise he could be tried separately on each charge. Defendant said he would do so. Defendant was sentenced the following Monday, May 21, 1962.

On April 24, 1968, following the evidentiary hearing on April 19, 1968, the trial court made adequate findings of fact and concluded "that on May 21, 1962, Petitioner informed Mr. Fitzhenry he fully understood the situation and desired to enter a plea of guilty; and on the same day Petitioner voluntarily and freely entered a plea of guilty with full understanding of consequences." We are of the opinion that the finding of the trial court is not clearly erroneous. Crosswhite v. State, Mo.Sup., 426 S.W.2d 67, 70, 71. The burden was on defendant to show that manifest injustice resulted from the acceptance of his plea of guilty. The burden was not sustained. No manifest injustice resulted.

The judgment is affirmed.

All of the Judges concur.