Willie Earl HAMBY, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 54324.

Supreme Court of Missouri,
En Banc.

June 8, 1970.

Briney, Welborn & Spain, Bloomfield, for movant-appellant.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

HOLMAN, Judge.

Movant (hereinafter referred to as defendant) has appealed from an order of the circuit court, made after an evidentiary hearing, overruling his motion to vacate filed pursuant to S.Ct. Rule 27.26, V.A.M.R.

Defendant's difficulties with the law began in September 1964 when he was ordered confined in the Training School for Boys at Boonville, Missouri. In May 1965 he was paroled. He was arrested on April 16, 1966. After questioning by the officers he admittedly confessed to having committed "six or eight" burglaries. On May 16, 1966, he entered a plea of guilty to the charge here in question (burglary) and was sentenced to three years' imprisonment. He was released on parole in May 1967, but two months later was again arrested for another burglary committed while on parole. In November 1967, after several conferences with his court-appointed attorney, defendant entered a plea of guilty to that charge of burglary and was again sentenced to the penitentiary where he is now confined. His three-year sentence had expired prior to the hearing of the instant motion but defendant elected, as he had a right to do, to proceed therewith nevertheless.

Defendant in his pro se motion, alleged that his constitutional rights were violated in that (1) he was a juvenile at the time he was sentenced and that he was tried as an adult rather than under juvenile law, (2) he was not afforded a preliminary hearing, and (3) he was denied the assistance of counsel.

The facts are that defendant was 16 years old at the time of his arrest on April 16, 1966. He was confined in the county jail and, on April 18, a petition relating to defendant's conduct was filed in the juvenile court. On May 1, 1966, defendant became 17 years of age. The juvenile court, on May 2, 1966, made the following order in defendant's case: "Minor appears with parents. Evidence adduced. Petition dis-

missed by Court, and minor ordered prosecuted under general law for burglaries and stealing." Shortly thereafter a complaint was filed in the magistrate court charging the burglary here in question and the record indicates that defendant appeared and waived his preliminary hearing. Thereafter an information was filed in the circuit court and defendant appeared for arraignment on May 16, 1966, before Judge Goodman (now deceased), and the following occurred:

"Q (By Court to defendant): Willie Earl, you are charged here actually with burglary and stealing. You are being arraigned now only on the charge of burglary. The charge is that on or about the 7th day of April, 1966, in this county and state, you wilfully, unlawfully, feloniously, and burglariously broke into and entered the building of Birdie Hearn with the intent to steal goods and merchandise found in that building. Now, that is a felony under the laws of Missouri, punishable by imprisonment by not less than two nor more than ten years. You are entitled to have a trial on this charge if you want it, which would include a trial by jury, where the jury would decide whether you are innocent or guilty and would fix the punishment if they find you guilty. A trial by jury is often very helpful to persons charged with a crime such as burglary. If you want to have a jury trial you would be allowed all the time you need to prepare for it. You are also entitled to the services of an attorney to advise with you and to represent you before you take any action in this case. You are not required to take any action today, that is, you don't have to do anything today. The services of an attorney are often very helpful to persons charged with a crime such as this. If you have no attorney and are unable to obtain one, the Court will appoint an attorney for you if you want one. Do you understand that, Willie?

"A Yes, sir.

"Q Do you have an attorney?

"A No, sir.

"Q Do you want an attorney?

"A No, sir.

"Q Do you want to have a trial on this charge?

"A No, sir.

"Q Do you know now what you want to do in connection with this charge of burglary?

"A Plead guilty.

"Q You want to plead guilty at this time, is that right?

"A Yes, sir."

Thereafter, the prosecuting attorney made a statement relating to the charge and the court, as stated, sentenced defendant to three years' imprisonment.

At the time it overruled the motion to vacate the trial court made detailed findings. We see no necessity of stating those findings but observe that they were in all important respects contrary to the defendant's contentions.

Upon this appeal the only point relied on reads as follows: "The trial court erred as a matter of law in failing to sustain the motion to vacate in that the evidence conclusively shows that appellant was taken into custody on April 14, 1966, when he was subject to the provisions of the Juvenile Code and that he was not taken immediately before the juvenile authorities. The evidence conclusively shows that while appellant was so illegally held he was questioned by police authorities and that such questioning ultimately led to his entering a plea of guilty." In support of that point defendant cites § 211.061,[1] State v. Shaw, 93 Ariz. 40, 378 P.2d 487, and State v. Arbeiter, Mo.Sup., 408 S.W.2d 26.

---

1. All statutory references are to RSMo 1959, V.A.M.S.

It is provided in § 211.061 that when a child under the age of 17 years is taken into custody he shall immediately be taken before the juvenile court or delivered to the juvenile officer. Also, it is provided in §§ 211.141 and 211.151 that a child taken into custody may, pending disposition of his case, be kept in a jail only on order of the juvenile court. The record in this case does not affirmatively show that the aforementioned sections of the Juvenile Code were complied with. Therefore, under the Shaw and Arbeiter cases, supra, a confession obtained while defendant was in custody (prior to May 2, 1966) would not have been admissible in the event of a trial.

Defendant testified that he had completed the ninth grade in school; that while sitting in a car with patrolman Link, after his arrest, Link threatened him by saying "he had ways of persuading people to change their minds" (the trial court expressly found that that testimony was not true); that although he was not guilty the threat frightened him and caused him to decide to confess; that his parents came to see him in a day or so after his arrest, and he thought they were present when he later entered his plea of guilty.

As indicated, defendant, on this appeal, says that the judgment should have been vacated by the trial court because he had been illegally held in custody and while so held was questioned by the officers, and that such led to his entering a plea of guilty. We think it should be implied from that assignment that he is contending that his plea was not understandingly and voluntarily entered.

The fact that defendant made an oral confession which would not have been admissible in the event of a trial would not, in and of itself, invalidate his subsequent plea of guilty. In a somewhat similar situation it has been said that "a confession in the possession of the prosecutor which has been illegally obtained cannot be made the basis for a collateral attack upon a judg-ment of conviction entered upon a plea of guilty voluntarily and understandably made." Busby v. Holman, 356 F.2d 75, 78 (5th Cir. 1966). By the same reasoning it must also be held that the fact that defendant was illegally imprisoned would not be sufficient to invalidate the plea. The illegal imprisonment and the existence of the inadmissible confession are simply factors which should be considered along with other facts and circumstances in determining whether the plea of guilty was understandingly and voluntarily entered. Mitchell v. State, Mo.Sup., 447 S.W.2d 281.

At this point it should be mentioned that the burden of proving the grounds for relief is upon defendant and that upon appeal our review is "limited to a determination of whether the findings, conclusions, and judgment of the trial court are clearly erroneous." S.Ct. Rule 27.26(j).

It will be noted from the proceedings heretofore quoted that at the time of arraignment the trial judge fully complied with S.Ct. Rule 25.04. He carefully explained the charge, range of punishment, and defendant's right to counsel and a jury trial. The court also offered to appoint counsel and explained that defendant did not need to take any action at that time; that if he wanted a jury trial he would be "allowed all the time you need to prepare for it." The trial court, in this 27.26 proceeding found that upon being offered "both an attorney and a trial by jury the petitioner voluntarily, knowingly, and intelligently waived such rights."

In the trial court defendant complained of the fact that he did not have counsel at the time his plea was entered. However, upon appeal, neither in the point relied on nor in the argument portion of his brief is there any mention of the fact that he did not have counsel, nor is there any contention that he did not intelligently waive the appointment of counsel. It is therefore apparent that those matters are not before us on this appeal.

Our review of the transcript indicates that the trial court took every reasonable precaution to fully advise defendant concerning the charge against him and the consequences of entering a plea of guilty thereto. Defendant has not carried the burden of proving that the plea was not voluntarily entered. We therefore rule that the findings, conclusions, and judgment of the trial court are not clearly erroneous and that the court acted properly in overruling the motion.

The judgment is affirmed.

HENLEY, C. J., FINCH, J., and HOGAN, Special Judge, concur.

DONNELLY, J., concurs in separate concurring opinion filed.

MORGAN, J., dissents in separate dissenting opinion filed.

SEILER, J., dissents and concurs in separate dissenting opinion of MORGAN, J.

BARDGETT, J., not participating because not a member of the Court when cause was submitted.

DONNELLY, Judge (concurring).

I would note that, in my view, the duty of the trial court, when accepting a plea of guilty, is greater when defendant is without counsel. State v. Gee, Mo.Sup., 408 S.W.2d 1, 3.

However, in State v. Carter, Mo.Sup., 399 S.W.2d 74, 77, Division Two of the Court held that a defendant "may waive his right to counsel and enter a plea of guilty when he does so with an intelligent understanding of his act." Further, in State v. Goff, Mo. Sup., 449 S.W.2d 591, this Court en Banc held that a fifteen-year-old defendant may waive counsel.

The trial court, *after an evidentiary hearing,* found that upon being offered "both an attorney and a trial by jury the petitioner voluntarily, knowingly, and intelligently waived such rights." I cannot say that such findings are clearly erroneous. In State v. Sayre, Mo.Sup., 420 S.W.2d 303, 305, Division Two of this Court said: "If it be found on the hearing on the motion to vacate the sentence, notwithstanding the insufficiency of the record at the time the plea was accepted, that the plea of guilty was in fact voluntary and was made with an understanding of the nature of the charge, then no manifest injustice could have resulted."

I concur.

MORGAN, Judge (dissenting).

I respectfully dissent, because I can not agree with the conclusion reached in the majority opinion nor with the rule of law announced and upon which such opinion is predicated.

The opinion agrees that if petitioner was illegally confined in the county jail in violation of the Juvenile Code, Chapter 211, V.A.M.S., at the time he made a confession, such statements would not have been admissible at a later trial. State v. Arbeiter, Mo., 408 S.W.2d 26. It is then determined that the illegal confession does not provide a basis for a collateral attack on the judgment of conviction entered upon a plea of guilty understandingly and voluntarily entered, but is only a factor to be considered.

The two cases cited as authority on this proposition, I respectfully submit, are neither factually similar nor applicable in the instant case. This, primarily, because the plea of guilty in each was made with *advice of counsel,* which is the crucial question here since petitioner did not have such advice.

As to the Busby case from which the majority opinion quotes, it is my opinion the court there assumed that the statement as made, and now quoted, contemplated the plea was with advice of counsel. Prior to making the statement on which the majority

opinion rests, at l. c. 77 at 356 F.2d, the court said: "It is settled by a host of authorities that a judgment on a plea of guilty which has been entered voluntarily *on advice of counsel* is not rendered invalid because the defendant had previously made a confession under circumstances which might have rendered it inadmissible in evidence if the defendant had pleaded not guilty and had gone to trial." (Emphasis added.)

In the other case cited, Mitchell v. State, the defendant not only had advice of counsel, but it was concluded: "* * * the confession was voluntary and we think it would have been admissible on trial."

The ultimate question is—did petitioner voluntarily plead guilty within the traditional legal meaning of the word "voluntary"? Historically, this court has protected an accused from entering an *unintelligent* plea. For instance, in State v. Cochran, 332 Mo. 742, 60 S.W.2d 1, 2 (1933), it was held: "The guiding rules are that a plea of guilty is but a confession in open court. Like a confession out of court it should be received with caution. It should never be received unless it is freely and voluntarily made. If the defendant should be misled or be induced to plead guilty by fraud or mistake, by misapprehension, fear, persuasion, or the holding out of hopes which prove to be false or ill founded, he should be permitted to withdraw his plea." Petitioner, here, could not have been confronted at the trial with the confession. Absent advice of counsel, elementary fairness demands we assume he was not aware of this fact. While unadvised on this point, he waived a preliminary hearing, assistance of counsel, trial by jury and entered a plea of guilty. "The purpose of the constitutional guaranty of a right to counsel is to protect an accused from conviction resulting from his own ignorance of his legal and constitutional rights, * *." Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. It is obvious petitioner had no way of knowing, that by his statements, he had not forfeited all possible defenses.

The most recent opinion of the Supreme Court of the United States on this question, McMann v. Richardson, 397 U.S. 759, 90 S. Ct. 1441, 25 L.Ed.2d 763, handed down May 4, 1970, makes it clear that the plea does not wipe the slate clean unless entered on advice of counsel. Without copying extended quotes, the court based its application of the principle on "counselled defendant," "advised by counsel," "defendant and his counsel," and "reasonably competent advice." As to determining if the confession could have been used at trial—"a decision to plead guilty must necessarily rest upon counsel's answers * * *."

The Attorney General concedes he has been unable to find a case applying the questioned principle where aid of counsel had not been given nor has this writer in hurried research. If there are such cases, they should be added to the majority opinion.

It would not be inappropriate to add that it is somewhat ironic that this and other appellate courts are devoting so much time to cases concerning the failure to have effective counsel, when it is ruled that this young man needed none—effective or ineffective.