STATE of Missouri, Respondent,

v.

Everett J. McDARIS, Jr., Appellant.

No. 55398.

Supreme Court of Missouri,
Division No. 1.

Feb. 8, 1971.

Motion for Rehearing or to Transfer to Court En Banc Denied March 8, 1971.

**810**

John C. Danforth, Atty. Gen., John W. Cowden, Asst. Atty. Gen., Jefferson City, for respondent.

Wear, Wear & Coffman, William A. Wear, Springfield, for appellant.

HIGGINS, Commissioner.

Everett J. McDaris, Jr., with prior convictions for burglary and stealing, was further charged in an amended information alleging that Everett J. McDaris, Jr., and Jerry Wayne McDaris "did * * * wilfully, unlawfully and feloniously have in their possession and under their control a bomb, to-wit: an object containing dynamite connected with a fuse and dynamite cap whereby such dynamite may be ignited and exploded, said dynamite being capable of causing bodily harm to persons, with intent to use the same unlawfully against the person of another, to-wit: Joan Hester, * * *." Upon severance, Jerry Wayne McDaris was convicted by a jury on November 4, 1969, and his conviction was affirmed on appeal. State v. McDaris, Mo., 463 S.W.2d 813, January 11, 1971. Everett J. McDaris, Jr., was convicted by a jury on December 12, 1969, of the offense charged, and the court assessed his punishment at six years' imprisonment. Sentence and judgment were rendered accordingly. §§ 556.280, 564.580, V.A.M.S.

The questions posed by this appeal do not concern sufficiency of the evidence, and a brief statement will demonstrate that the state made its case. On August 25, 1969, Joan Hester was transported to Mount Vernon, Lawrence County, Missouri, by Greene County officers to testify at a preliminary hearing on a charge that Jerry Wayne McDaris, Everett's brother, was an aider and abettor in stealing $63. Preliminary hearings had previously been accorded Everett McDaris and his wife, Jacqueline, on charges arising out of the same incident, and Joan testified at those hearings also.

Joan Hester was the only woman to testify at the hearing on August 25, 1969. Another witness at that hearing, Clarence Gwinn, following the hearing and while still in the courthouse, overheard conversation between Everett and Jerry during which Jerry said to Everett with reference to Joan, "Let's go get that goddamn bitch."

While Joan was being returned to Greene County by Lawrence County officers, an automobile containing the McDaris brothers followed and caused the officer to accelerate to speeds of 95 to 100 miles per hour. The McDaris vehicle was stopped inside the Greene County line and Joan continued on to her home, being first advised by Greene County officers to call if any of the McDaris people came to her house.

During the late afternoon the McDaris brothers and Karen Bacon stopped in front of Joan's home; Karen went to the door and asked for Joan. Upon being informed that Joan was not there, the parties left and Joan alerted the sheriff's office. Around 9:00 p.m., Springfield and Greene County officers stopped an automobile in the neighborhood of Joan's home. The vehicle belonged to Karen Bacon, and she was riding in the middle of the front seat with Everett driving and Jerry riding in the right front seat. All three got out of the car and a search was conducted of all three persons and of Karen's automobile. A stick of dynamite, fused with detonator in place and wrapped in a "sock," was found concealed in the waistband of Karen's slacks. Jerry had previously produced

the sock and its contents and placed it on the dash. When the automobile was stopped Jerry told Karen to hide the bomb in her clothing. The defense was that the bomb belonged to Karen and defendant knew nothing about it.

█ Appellant contends first that the court erred in overruling his motion to suppress the bomb because it was illegally seized "in that the arresting officers did not have a warrant, nor probable cause to * * * search the automobile in which * * * defendant was riding, nor did they have a warrant or probable cause to make an arrest and make a search pursuant to such arrest."

Appellant cites a number of cases dealing with similar assertions; however, it is unnecessary to discuss them because there is an obvious and overriding reason for upholding the search and admitting its fruits into evidence in this case. Defendant had no standing to complain of the search because the car was owned and occupied by Karen Bacon; the evidence in question was found on and taken from the person of Karen Bacon, and the defense was that the bomb belonged to her and defendant knew nothing about it. State v. Green, Mo., 292 S.W.2d 283, 286[2, 3]; State v. Murray, Mo., 445 S.W.2d 296, 298[8]; State v. Booker, Mo., 454 S.W.2d 927, 929[1, 2]; and see State v. McDaris, supra, for discussion of other cases and denial of the identical contention.

Appellant's second assignment charges that the court erred in overruling his motion to strike that part of the prosecuting attorney's opening statement and testimony from Charles Faulkner, prosecuting attorney of Lawrence County, which referred to the preliminary hearing of the defendant, "in that such evidence was highly prejudicial and was calculated to weigh heavily with the jury and caused the jury to. prejudge the defendant on the basis of his past conduct, and his participation in a separate and distinct crime."

The reference in the opening statement was: "Now, Mr. Faulkner will testify that on August 25th he had a preliminary hearing and that this preliminary hearing concerned a criminal charge against Jerry McDaris, who is the defendant's brother. He will also tell you that the defendant, E. J. McDaris, is also charged with a crime in that county, and had already had a preliminary hearing. Now, the important part is this: That there were two witnesses who testified on August the 25th. The first witness was Joan Hester."

The testimony in question was that of Mr. Faulkner described in the opening statement: "Q. (By Mr. O'Neal) Let me ask the question again. Did you have a preliminary hearing on August 25th, 1969, in Lawrence County? A. Yes, sir, I did. Q. And who was the defendant? A. The defendant in that case was Jerry McDaris. * * * Q. Did you call witnesses in that hearing? A. Yes, I did. Q. And who were the witnesses? A. Joan Hester was a witness and Clarence Gwinn was a witness. * * *

"Q. Now, who is Jerry McDaris? A. Jerry McDaris was the defendant in that case. Q. Does he have a brother? A. Yes, he does. Q. And do you know the name of that brother? A. That's Everett McDaris, the defendant here. * * * Q. Now, was Everett McDaris charged with any crime also in Lawrence County at this time? A. Yes, he was. Q. And what crime was that? A. He was charged on June the 4th with an occurrence on June the 4th as an accessory to grand stealing, with a Jacqueline McDaris, for stealing sixty-three dollars from Clarence Gwinn. Q. Now was this case related in any way to the preliminary hearing on Jerry McDaris? A. They all arose out of the same transaction. * * *

"Q. Now, you know who Jackie McDaris is? A. She is the wife of Everett McDaris. Q. Now, were there any other female witnesses in that case other than Joan Hester, which you've already

named? A. She was the only witness for the State. Q. Now, on that date did you have occasion to see E. J. McDaris at Mt. Vernon? A. Yes, on the 25th of August I saw Mr. McDaris there."

■ Appellant's argument is that these matters constituted proof of the commission of a separate and distinct crime and that such was "absolutely inadmissible upon the trial of issues raised" in this case. The rule is as cited by appellant from State v. Holbert, Mo., 416 S.W.2d 129, 132[2–6], that proof of the commission of separate and distinct crimes is not admissible, " 'unless such proof has some legitimate tendency to directly establish the defendant's guilt of the charge for which he is on trial.' " However, the quoted rule admits to equally well-established exceptions and the evidence of other crimes " ' "is competent to prove the specific crime charged when it tends to establish (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other; (5) * * * identity." * * * "The * * * test is its logical relevancy to the particular excepted purpose or purposes for which it is sought to be introduced." ' " 416 S.W.2d l.c. 132 [4, 5]. So tested, it becomes obvious that the questioned evidence bore on the elements of motive and intent. The testimony of Joan Hester in other charges against the McDarises would tend to show defendant's motive for possessing the bomb in question, and the motive to harm or destroy Joan would be strengthened if her testimony would prove them guilty of a felony rather than of a lesser crime, or if it was being offered in a civil matter. Similarly, since Joan's testimony could establish the McDarises' guilt on their felonious stealing charges, it also goes to the intent to use a bomb against her. Such proof is not to be rejected because it incidentally proves a defendant's guilt of other crimes. State v. Kilgore, Mo., 447 S.W.2d 544, 547[3]; State v. Smith, Mo., 431 S. W.2d 74, 79[12]; State v. Owen, Mo., 457 S.W.2d 799, 803[2]; and see State v. McDaris, supra, where the same contention was made and found to be without merit.

■ Appellant's final contention charges error in denying him a mistrial upon his objection and motion for mistrial with respect to this part of the prosecuting attorney's final argument:

"MR. O'NEAL: Mr. Wendt has spent a great deal of time talking about contradictions, but look back over it. What are the facts that the State of Missouri has produced that have been contradicted other than through cross-examination. * * * But you can go through all this, all the smog of cross-examination. Mr. Wendt asked them all these questions on cross-examination. Did he ever produce any evidence to refute any of this? No, he didn't.

"MR. WENDT: Now, if it please the Court, Janet Rice refuted the whole shebang, the whole case.

"THE COURT: It's a fair matter for argument, Mr. Wendt. That'll be for the Jury.

"MR. O'NEAL: * * * But did he ever produce any witnesses other than Janet Rice, who's taken four months to decide to tell her story, and that's what I call it, I call it a story. Think about that."

Appellant asserts that the quoted argument violated his right not to have any reference to his failure to testify. See Criminal Rule 26.08, V.A.M.R.; Section 546.270, V.A.M.S.; State v. Lindner, Mo., 282 S.W.2d 547, 550[2–4].

The argument in this case is readily distinguished from that condemned as a comment on defendant's failure to testify in State v. Lindner, supra, where the argument was: " 'I don't know what this boy (defendant) says. There is no evidence of any type by him in this case * * *' " It would be difficult to conceive of a clearer

way to express the idea that the defendant had not testified. By contrast the argument in this case is not such a reference. To the contrary, it sticks to the state's burden of proof and the weight of the evidence by emphasizing the absence of evidence from any source to contradict the state's case and the weakness of defense witness Rice. Contentions with respect to similar argument were discussed in detail and denied in State v. Morgan, Mo., 444 S.W.2d 490, and in State v. Jackson, Mo., 444 S.W.2d 389. See also State v. Hutchinson, Mo., 458 S.W.2d 553.

Judgment affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

SEILER, P. J., BARDGETT J., and HENLEY, Alternate Judge, concur.

HOLMAN, J., not sitting.