**STATE of Missouri, Respondent,**

v.

**Willie Lee EDWARDS, Appellant.**

**No. 56821.**

Supreme Court of Missouri,
Division No. 1.

Nov. 13, 1972.

John C. Danforth, Atty. Gen., Stephen D. Hoyne, Asst. Atty. Gen., Jefferson City, for respondent.

William E. Erdrich, Criminal Law Intern and Philip H. Schwarz, Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant; Paul T. Miller, Executive Director, Willard B. Bunch, Chief Defender, Kansas City, of counsel.

TOM J. STUBBS, Special Judge.

By Information in the Jackson County Circuit Court Willie Lee Edwards was charged with murder in the first degree. He was found guilty of that offense by a jury and the Court fixed the punishment at life imprisonment, the jury having been unable to agree upon punishment. Following judgment and sentence, appellant's motion for new trial having been overruled, appeal was duly perfected to this Court. We affirm.

Edward F. McIntire lived alone in Kansas City, Missouri. He was five feet one inch tall, weighed 190 pounds and was in his late sixties. He used a wheelchair or walker to get around because his right leg was amputated above the knee. On December 10, 1969, his body was found floating in a bathtub full of water in his home by his sister and a neighbor who were checking on him after he had failed to answer his telephone.

Stephen Pohl testified on behalf of the State that on December 9, 1969, the defendant asked him if he knew where the defendant could borrow some money. Pohl took the defendant to Mr. McIntire's house and told him to say he was a friend of Ollie Morris. Pohl stood in front of the house as the defendant knocked on the door. The defendant entered the house when McIntire answered the door. After a few minutes Pohl heard a noise, went to a window and looked inside the house, and saw the defendant with a rolling pin in his hand. Pohl started into the house and saw the defendant strike Mr. McIntire with the rolling pin. Mr. McIntire said, "Oh, my head. I will give you the money. Just don't do any more." Mr. McIntire was in his wheelchair and rolled into the bedroom to a dresser, got $10.00 and gave it to the defendant, and asked the defendant to leave him alone. The defendant had a

wire coat hanger in his hand and put it around Mr. McIntire's neck and "twisted it around." Mr. McIntire was on the floor by this time where the defendant had pushed him. The defendant had obtained a razor blade from a medicine chest and leaned over Mr. McIntire with his foot on his chest and slit his throat and said to Pohl, "Don't say nothing or I will kill you." Defendant then dragged Mr. McIntire's body into the bathroom, put it in the bathtub, and filled the tub with water.

Mr. McIntire died as a result of asphyxiation, lack of oxygen, strangulation about the neck.

■ Under Point III defendant-appellant asks this Court to convict the trial court of reversible error in failing to submit to the jury a lesser offense of manslaughter, "or perhaps murder in the second degree," and asserts that the evidentiary facts outlined above do not prove murder in the first degree. In support of these contentions defendant-appellant cites State v. Adams, (Mo.Sup.) 406 S.W.2d 608, and State v. Ayers, (Mo.Sup.) 470 S. W.2d 534. The cited cases do not remotely support appellant's position. It is of course well established in this State that where the circumstances in evidence support a finding of murder in the first degree and of no lesser degree of homicide the Court is not required to instruct on lesser included offenses. State v. Ginnings, (Mo.Sup.) 466 S.W.2d 675, and State v. King, (Mo.Sup.) 433 S.W.2d 825, and a host of other cases. There is no evidence in the record in this case to support any submission other than first degree murder.

Defendant-appellant's other points relied on are equally without merit.

### Point I

Appellant's arrest was illegal, having been based upon unreliable information il-legally obtained by Stephen A. Pohl who conspired with appellant to rob the deceased. The court erred in overruling appellant's motion to dismiss and in receiving Pohl's evidence.

### Point II

Testimony relating to the mental condition of appellant was relevant and necessary to his defense. The court erred in refusing to allow the testimony of Dr. Zwerenz to be placed before the jury.

A. The question of appellant's defense based on a mental disease or defect is one for the jury to decide.

B. To deprive the appellant from presenting his evidence to the jury deprives him of his right to answer his accusers.

Stephen Pohl was taken into custody by Kansas City, Missouri police officers December 10, 1969. He told the arresting officers he was 18 years of age and was taken to police headquarters. During his interrogation he then told the officers he was 15 years of age, whereupon a juvenile officer was contacted and he came to police headquarters. He was present when Pohl made a detailed statement which in all material respects was identical with his testimony at the trial as detailed above. Thereafter the defendant was apprehended.

■ The testimony of Stephen Pohl was properly received in evidence. Under Point I defendant-appellant argues that the statement obtained from Pohl was in violation of the Juvenile Code of Missouri, Sec. 211.061, RSMo 1969, V.A.M.S., in that upon his arrest he was not turned over to the juvenile authorities, as a consequence of which the statement Pohl made to the police officers was inadmissible in an action against him and likewise was inadmissible in this case against the defendant, citing Hamby v. State, Mo., 454 S.W.2d 894, l. c. 897, and State v. Arbeiter, (Mo.Sup.) 408 S.W.2d 26, neither of which support defendant-appellant's position.

The well settled rule in this State is that even if the statement made by Pohl would be inadmissible in a criminal action against him (which we do not decide) the defendant-appellant has no standing to invoke an exclusionary rule upon the alleged violation of the rights of another. State v. McDaris (Mo.Sup.), 463 S.W.2d 809, State v. Ball (Mo.Sup.), 408 S.W.2d 17, Hamby v. State (Mo.Sup.), 454 S.W.2d 894, and State v. Malone (Mo.Sup.), 301 S.W.2d 750. The record does not contain a suggestion that Stephen Pohl conspired with appellant to rob the deceased.

As to Point II, the testimony of Dr. Bruno Zwerenz was properly excluded by the trial court. The witness had no opinion with respect to whether or not the defendant was suffering from a mental defect or disease excluding responsibility at the time of the commission of the offense.

Typical of the questions sought to propound to Dr. Zwerenz are the following:

"Q. Assuming that * * * taking for the moment the conclusion that it would be possible for this defendant to take the life of another, could he do so in a cool and deliberate manner after having thought about it, or would he only be able to do so in the heat of passion or with some provocation?"

"Q. * * * Now I am asking you this, if you can assume that Mr. Edwards is capable of killing somebody, is he capable of killing somebody in a cold-blooded manner such as would make him guilty of murder in the first degree, or is he capable of killing somebody only if there had been some provocation offered to him, or if he becomes inflamed with some kind of passion?"

The judgment is affirmed.

HOLMAN, P. J., and SEILER, J., concur.

BARDGETT, J., not sitting.